IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-334

**TRAVIS HEAD,**
          **Plaintiff,**

vs.

**S & S TRUCK SPECIALTIES, LLC,**
**and CLINT SPEER,**
          **Defendants.**

_____

### ORIGINAL COMPLAINT
_____

COMES NOW Plaintiff Travis Head ("Plaintiff"), by and through his attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendants S & S Truck Specialties, LLC, and Clint Speer (collectively "Defendant" or "Defendants"), and in support thereof he does hereby state and allege as follows:

### I.      PRELIMINARY STATEMENTS

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful minimum wage for all hours worked and overtime compensation for all hours worked in excess of forty (40) hours per week.

2.      Plaintiff also brings this action under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA") and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO").

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA, the CWA and the CMWO as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Defendant does business in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6.      The witnesses to the wage violations herein reside in this District.

7.      The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.      THE PARTIES

8.      Plaintiff is an individual and resident of Mesa County.

9.      Separate Defendant S & S Truck Specialties, LLC ("S&S"), is a domestic limited liability company.

10.     S&S's registered agent for service is Clint Speer at 403 35 Road, Palisade, Colorado 81526.

11.     Separate Defendant Clint Speer ("Speer") is an individual and resident of Colorado.

12.     Defendants maintain a website at https://sstruckspecialties.com/.

## IV.    FACTUAL ALLEGATIONS

13.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14.    Speer is a principal, director, officer, and/or owner of S&S.

15.    Speer took an active role in operating S&S and in the management thereof.

16.    Speer, in his role as an operating employer of S&S, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

17.    Speer, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

18.    Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

19.    Defendants own and operate a truck and car repair shop.

20.    Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and equipment.

21.    Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

22.    At all material times herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, the CWA and the CMWO.

23.    Plaintiff was employed by Defendant within the three years preceding the filing of this Complaint.

24.    Specifically, Plaintiff was employed by Defendant as a mechanic from April of 2020 until December of 2020.

25.    Plaintiff's primary duties included making repairs, cleaning the shop, making service calls and opening and closing the shop.

26.    Plaintiff was paid $500.00 per week.

27.    At all relevant times herein, Defendants directly hired Plaintiff to work on their behalf, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

28.    Defendants classified Plaintiff as an independent contractor and exempt from the overtime requirements of the FLSA.

29.    Plaintiff's work followed the usual path of employer-employee relationships; Defendant treated him as an independent contractor only for tax purposes and for Defendant's convenience.

30.    Defendant, at all times relevant hereto, knew that Plaintiff was acting as an employee, rather than as an independent contractor, and treated him as an employee.

31.    Defendant required Plaintiff to satisfy whatever needs and requirements Defendant and Defendant's customers had.

32.     Defendant expected Plaintiff to follow Defendant's policies regarding his employment.

33.     Plaintiff was required to complete the tasks Defendant assigned to him or risk being disciplined, including termination.

34.     Plaintiff did not manage Defendant's enterprise or a customarily recognized subdivision of the enterprise.

35.     Plaintiff did not exercise discretion and independent judgment with respect to any matters of significance.

36.     Plaintiff sought direction from Defendants in lieu of making significant decisions on his own.

37.     Plaintiff was hired to work for Defendant for a continuous and ongoing period of time.

38.     Plaintiff did not select any employees for hire, nor did he have any ability to fire employees.

39.     Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

40.     Defendant provided Plaintiff with some of the tools and equipment necessary in carrying out his duties.

41.     Defendant determined Plaintiff's pay scale for services without input from or negotiation with Plaintiff.

42.     Defendant set prices for services without input from or negotiation with Plaintiff.

43.     Defendant made decisions regarding advertising Defendant's business without Plaintiff's input.

44.     Defendant made decisions regarding what new business to pursue or take without Plaintiff's input.

45.     Plaintiff did not negotiate contracts or prices with Defendant's customers.

46.     Defendant directed Plaintiff in his job duties.

47.     Plaintiff had no investment in Defendant's business or operations.

48.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

49.     Plaintiff regularly worked more than forty hours per week.

50.     Plaintiff estimates he worked approximately 100 hours per week.

51.     Defendants failed to pay Plaintiff a lawful minimum wage for all hours worked.

52.     Defendants did not pay Plaintiff an overtime premium for hours worked over forty per week.

53.     Plaintiff sent Speer text messages notifying him how much time he spent on service calls. Defendants kept track of how much time Plaintiff spent on service calls so that Defendants could accurately bill their customers.

54.     Defendants required Plaintiff to make service calls after his shift was over.

55.     Defendants knew or should have known that Plaintiff was working overtime hours for which he was not paid an overtime premium.

56.     Defendants knew or should have known that Plaintiff was working so many hours per week that his weekly wage of $500.00 was not sufficient to pay him minimum wage for all hours worked.

57.     Defendant failed to pay Plaintiff his paycheck for his final week of work.

58.     Therefore, Plaintiff received no wages for his final week of work.

59.     At all relevant times herein, Defendants have deprived Plaintiff of proper minimum wage for all hours worked and overtime compensation for all the hours worked over forty per week.

60.     Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## V.     FIRST CLAIM FOR RELIEF—VIOLATION OF THE FLSA

61.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

62.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

63.     Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

64.     Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked, despite his entitlement thereto.

65.     Defendant failed to pay Plaintiff 1.5x his regular rate for all hours worked over forty each week, despite his entitlement thereto.

66.     Defendant's conduct and practice, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

67.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

68.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

69.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     SECOND CLAIM FOR RELIEF—VIOLATIONS OF CWA, C.R.S. § 8-4-101, *et seq.*, and CMWO, C.C.R. § 1103-1)

36.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

37.     Plaintiff regularly worked more than forty hours per workweek.

38.     Defendant S&S failed to pay Plaintiff a lawful minimum wage for all hours worked.

39.     Defendant S&S failed to properly pay Plaintiff overtime wages at a rate of not less than 1.5x his regular rate of pay for all hours he worked in excess of 40 per workweek.

40.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

41.     Because Defendant willfully violated the CWA and CMWO, a three-year statute of limitations shall apply to such violations.

42.     As a result of Defendant's policies and practices described above, Plaintiff was illegally deprived of minimum wage and overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

## VII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Travis Head respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

A.     That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

B.     A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

C.     Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

D.     Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all

unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

E.      A declaratory judgment that Defendant's practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);

F.      Judgment for damages for all unpaid minimum wage and overtime compensation and penalties to which Plaintiff is lawfully entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

G.      An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

H.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF TRAVIS HEAD**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ April Rhéaume*
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Col. Bar No. 44358
josh@sanfordlawfirm.com